**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3898
_____

LIANG CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A088 378 045
Immigration Judge:  Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2010

Before:  AMBRO, CHAGARES and ALDISERT, <u>Circuit Judges</u>

(Opinion filed: October 8, 2010)
_____

OPINION
_____

PER CURIAM

Liang Chen petitions for review of an order of the Board of Immigration Appeals

("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") final removal

order.  We will deny the petition for review.

Liang Chen is a native and citizen of China. He entered the United States in 2006 and was placed in removal proceedings. He applied for asylum and related relief. Chen's claim for relief is based on persecution related to China's population policy. Chen testified that he and his wife had a girl in 1991. Chen and his wife went into hiding out of their hometown, and had a second child, also a girl, in 1993. The child was not allowed, because her birth was too close to the first one–they should have waited five years. They remained in hiding and Chen's wife did not report for family planning appointments. Chen heard from his parents that family planning officials had been looking for them at home. Chen and his wife had a third child in 1996; another girl. They felt they had no choice but to leave this child with a relative to be raised. In October of 1997, they had a boy. They returned to Chen's home with the three children. Seven or eight family planning officials came in the middle of the night and dragged Chen's wife away and took her to a hospital, where she was sterilized the following day. Chen begged the officials not to take her away, and begged at the hospital that they not perform the operation, but they did anyway. Chen and his wife were fined 30,000 RMB. They paid about 15,000, and officials came every three to five days seeking the remaining fee. Chen testified that the sterilization adversely affected his wife's physical and mental health, which in turn affected him. Chen also testified that he left China legally with his own passport (although it appears that he went to Mexico, and then paid a smuggler to take him to the United States).

2

The IJ found Chen credible, but denied relief, relying on Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008), which held that there is no automatic refugee status for the spouse of someone who had been persecuted on the basis of coercive population control matters. On appeal, Chen argued that the IJ should have granted relief on the basis of his "other resistance" to the family planning policy. The Board of Immigration Appeals (BIA) noted that after the IJ's decision this Court had decided Lin-Zheng v. Attorney General, 557 F.3d 147 (3d Cir. 2009) (en banc), which also held that there is no automatic refugee status for spouses of individuals subjected to coercive population control measures. The BIA found that Chen's "act of hiding so that he and his wife could have another child and so that his wife could avoid her family planning check-ups, his having several additional children in violation of the family planning policy, his claimed emotional sadness after the forced sterilization, [and] the imposition of a fine [did not] rise to the level of past persecution, or constitute a basis for a well-founded fear of persecution, particularly given the absence of evidence that the Chinese authorities are seeking the respondent out." A.R. 3-4. Chen filed a timely, counseled petition for review.

Chen's reliance on his wife's forced sterilization cannot establish his eligibility for asylum. As a matter of law, there is no automatic refugee status for spouses of individuals subjected to coercive population control policies. Lin-Zheng, 557 F.3d at 156-57. Based on the statutory definition of "refugee," the Court in Lin-Zheng concluded that Congress intended to extend refugee status only to the individual who had either been

3

forced to submit to an involuntary abortion or sterilization, had been persecuted for failure or refusal to undergo such a procedure, or had a well-founded fear of that occurring in the future. Id. at 156. The Court stated that spouses remain eligible for relief in their own right provided that they qualify as a refugee based upon their own persecution. See id. at 157 (noting that the statute confers refugee status on a person who has been persecuted for "other resistance" to a coercive population control program or has a well-founded fear that he or she will be subject to persecution for such resistance).

Chen argues that he did suffer persecution, as a fine of 30,000 RMB was imposed, and he suffered severe emotional harm and lost his right to have more children when his wife was sterilized. Chen testified that a fine of 30,000 RMB was imposed, that he paid about 15,000 of the fine, and that officials came constantly to ask for payment. A.R. 110-11. Chen argues in his brief here that the fine was so "huge" that it "amount[ed] to the deprivation of economic means to survival." Petitioner's Brief at 13. However, Chen did not testify as to any extreme financial difficulties on account of the fine, nor did he raise the issue in his brief to the BIA. We are therefore precluded from reviewing the issue. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).[1]

---

[1] As the Government notes, the BIA did, sua sponte, note that the fine did not rise to the level of persecution. This short mention does not allow us to review the issue, because Chen had not presented, at any time during the administrative proceedings, a claim that the fine was so oppressive that it constituted persecution.

Chen similarly did not argue in his brief to the BIA that he wanted to have more children, nor did he testify before the IJ that he wanted to have more children. Chen thus failed to exhaust the argument before the BIA, and we may not consider it. 8 U.S.C. § 1252(d)(1). Chen did argue in his brief to the BIA that he experienced emotional harm because he and his wife were forced to give their third child to another family to raise. However, Chen has not raised that claim in his opening brief here, so it is waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). To the extent we may consider a generalized claim that Chen experienced emotional harm that constituted persecution, we find that the emotional difficulty Chen experienced does not rise to the level of persecution.

Chen has not met the asylum standard of showing that he was or will be persecuted on account of "other resistance" to China's population policy, and he thus cannot meet the higher standard for withholding or removal. Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004). We will therefore deny the petition for review.[2]

---

[2] Chen also waived any challenge to the denial of relief under the Convention Against Torture, as he failed to raise the issue in his opening brief. Chen v. Ashcroft, 381 F.3d at 235.